Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska 99501
(907) 278-9794 Fax: 278-1169
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| GLOBAL SEAFOODS NORTH AMERICA, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>SABRINA C, official number 656519, her equipment, gear, furniture, apparel, fixtures, tackle, boats, machinery anchors and all appurtenances, in rem,<br><br>  Defendants. | IN ADMIRALTY<br>No. A-06-    CV (    ) |

## COMPLAINT

Global Seafoods North America, LLC, alleges the following for its complaint *in rem*:

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has jurisdiction of the subject matter of this action pursuant to the general maritime law and 28 U.S.C. § 1333.

2. Global Seafoods North America, LLC, is a limited liability company formed under the laws of the State of Washington. Global's principal place of business is Seattle, and it operates a fish processing facility in Kodiak, Alaska.

3. Plaintiff is informed and believes, and on that basis alleges, that the *in rem* defendant is currently home-ported at Kodiak, Alaska, and is or will be during the pendency of this action within the territorial jurisdiction of this Court. At all times relevant, the vessel has been owned, at least in part, and/or operated with the authority of the vessel's owner(s) by Robert D. Nelson, Sr., an Alaskan resident.

4. During the period November 2004 to April 2005, Nelson maintained a "cannery

account" with Global. He purchased fish bait from Global on this account that was used on the defendant vessel. Global has maritime liens on the vessel to secure payment of bait purchases. At Nelson's request, Global also made advances in payment of charges for goods and services provided to the defendant vessel by various third party vendors. By virtue of payments to third party vendors, Global became subrogated to the vendors' rights to payment, including maritime liens on the vessel. All of these transactions were in support of Defendant's fishing business. Nelson was to pay for the bait and to reimburse the advances by means of sales of fish to Global during the winter 2005 fishing season.

    5. Nelson failed to pay these items and is presently indebted to Global on the account in the amount of $ 7,424.77.

    WHEREFORE, Plaintiff requests the following relief:

    1. that the Court issue an *in* *rem* warrant of arrest instructing the U.S. Marshal to arrest the SABRINA C, official number 656519, together with its engines, tackle, gear, apparel, furniture, and equipment, and to detain it in his custody subject to further order of the Court;

    2. that the Court declare that the delivery of the above-mentioned goods and services to the vessel created valid and subsisting maritime liens for necessaries totaling $ 7,424.77 against the SABRINA C and its engines, etc. that is prior and superior to all other liens, claims, and encumbrances whatsoever against the vessel;

    3. that the Court enter judgment *in* *rem* for $ 7,424.77 in favor of Plaintiff against the SABRINA C and its engines, tackle, gear, apparel, furniture, and equipment, foreclosing Plaintiff's maritime lien for the amount due and owing, together with interest and costs;

    4. that the Court issue an order directing the U.S. Marshal to sell the SABRINA C and its engines, tackle, gear, apparel, furniture, and equipment, and all other necessaries pertaining and belonging to the vessel, in accordance with law, and that the sale proceeds be held in the Registry of this Court to be applied, net of the marshal's commission, first to satisfy Plaintiff's *in* *rem* judgment;

    5. that Plaintiff be allowed, but not required, to bid at the Marshal's sale the amount of the debt owing in lieu of cash;

6. that the Court issue an order for the disbursement of the funds, net of the marshal's commission, to Plaintiff in the first instance to the extent necessary to satisfy Plaintiff's in rem judgment; and

7. that Plaintiff be awarded such other and further relief as the Court may deem just and proper in the premises.

DATED this 31 day of March, 2006, at Anchorage, Alaska.

MARK C. MANNING, P.C.
Counsel for Plaintiff

By: /s/ Mark C. Manning
Mark C. Manning

VERIFICATION

Oleg Nikitenko, being first duly sworn on oath, deposes and says that he is Plaintiff's President, that he has read the Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief.

_____
Oleg Nikitenko

State of Washington, King County

SUBSCRIBED AND SWORN to before me this 30 day of March, 2006.

_____
Notary public in and for the State of Washington
My commission expires: 2/07

OFFICIAL SEAL
THOMAS P. HENNESSEY
NOTARY PUBLIC
STATE OF WASHINGTON
My Commission Expires Feb. 1, 2007