IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| GLOBAL SEAFOODS NORTH AMERICA, LLC, </br></br>　　　　Plaintiff, </br></br>　v. </br></br>SABRINA C, official number 656519, her equipment, gear, furniture, apparel, fixtures, tackle, boats, machinery anchors and all appurtenances, in rem, </br></br>　　　　Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)　IN ADMIRALTY</br>)　No. A-06-    CV (   ) |

### DECLARATION OF MARK C. MANNING

Mark C. Manning states the following on oath:

1.　I am counsel for Plaintiff in this action, and am familiar with the premises of this lawsuit. This declaration is offered in support of Plaintiff's Motion for Order Shortening Time to consider Plaintiff's Ex-Parte Motion for Appointment of Substitute Custodian.

2.　In order to keep the vessel without undue expense following arrest, as well as to minimize logistical demands on the Marshal's office, Plaintiff has moved for an order appointing a substitute custodian for the vessel following arrest.

3.　If the normal time for consideration of a motion were to be required in this matter, an additional, expensive demand would probably be imposed on the Marshal's office, to arrange a qualified interim custodian pending the appointment of a substitute later. In addition, the marshal has required a very much larger deposit for the arrest of the vessel if the marshal's office must arrange for an interim custodian. Based on knowledge acquired in the past of the marshal's practices in appointing a substitute custodian, any interim custodian the Marshal's office would appoint would be substantially more expensive that a substitute custodian.

4. Local Rule 7.2 (c) is addressed as follows:

(i) Shortened time is needed to minimize the risks that the vessel will depart from Kodiak

and that equipment may be sold off it before it is arrested.

(ii) Global has endeavored unsuccessfully to resolve its claim on the debts by litigation against the vessel's owner *in personam*.

(iii) As to the position of opposing counsel, there is none. The owner is not known to dispute the alleged debts.

(iv) There are no specific dates of significance to the motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 6, 2006.

MARK C. MANNING