IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| GLOBAL SEAFOODS<br>NORTH AMERICA, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>SABRINA C, official number 656519,<br>her equipment, gear, furniture,<br>apparel, fixtures, tackle, boats, machinery<br>anchors and all appurtenances, in rem,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) IN ADMIRALTY<br>) No. A-06- 00076  CV  (TMB) |

**ORDER APPOINTING TONY JONES
TO REPLACE DENNIS MCCUSKER AS SUBSTITUTE CUSTODIAN**

  TO THE HONORABLE COURT, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA:

  Through counsel, Plaintiff Global Seafoods has made the following representations bearing on the appointment of a substitute custodian:

  1. The complaint in this case was filed on or about April 6, 2006. It requested, among other things, that the vessel SABRINA C, together with its machinery, etc., be arrested, condemned and sold to pay Plaintiff's claims.

  2. The Clerk has issued, or will in the immediate future issue, a warrant for the arrest of the vessel, commanding the United States Marshal for this District to arrest and take the defendant vessel into custody, and to detain it in his custody until further order of this Court.

  3. It is contemplated that the Marshal will seize the vessel forthwith. Custody by the Marshal would require the services of one or more keepers at a cost greatly exceeding that of a substitute custodian.

  4. The vessel reportedly presently lies at a mooring in Kodiak, Alaska. Plaintiff desires to allow Tony Jones to replace Dennis McCusker as Substitute Custodian to assume responsibility

for safekeeping the vessel, and Tony Jones has consented to act as its custodian until further order of this Court.

5.  Tony Jones, by declaration filed by Plaintiff, avers that he has the experience and ability to supervise and keep the vessel following its arrest. He avers that the charge for this will be $ 600.00 per month. He also avers his understanding that he is the beneficiary of custodian legal liability insurance. Plaintiff's counsel hereby informs the court that this will be the standard coverage, to be obtained through the Marshal's office, and is expected to be adequate to respond in damages for the injury to or loss of the defendant vessel and for liability for injuries to any third parties due to any errors or omissions by the substitute custodian or by his agents. In his declaration, Mr. Jones accepts the custodianship.

6.  In consideration of the U.S. Marshal's consent to the appointment of Tony Jones to replace Dennis McCusker as substitute custodian, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel from the time the Marshal transfers possession of it to the substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the substitute custodian's keeping of the vessel.

THEREFORE, IT IS ORDERED that the U. S. Marshal for the District of Alaska is authorized, upon his seizure of the defendant vessel pursuant to the warrant of arrest, to surrender the possession thereof to Tony Jones as substitute custodian named herein as replacing Dennis McCusker, and that upon such surrender the U.S. Marshal shall be discharged from his duties and responsibilities for the safekeeping of the vessels, and shall be held harmless from any and all claims whatsoever arising out of said custodial services.

IT IS FURTHER ORDERED that Tony Jones is appointed substitute custodian of the defendant vessel replacing Dennis McCusker , to retain the same in his custody for possession and safekeeping until further order of this Court. All costs for the custodial service, storage and moorage charges shall be paid by Plaintiff, and may, upon further order of this Court, be deemed administrative costs herein.

IT IS FURTHER ORDERED that Tony Jones may shift the vessel to moorings within the Kodiak port area.

      IT IS FURTHER ORDERED that Plaintiff's counsel serve a copy of this order on the owner of the vessel.

      IT IS FURTHER REQUESTED that the Clerk of this Court deliver two certified copies of this order to the United States Marshal forthwith.

      Dated at Anchorage, Alaska, April 20, 2006.

      <u>/s/ John D. Roberts</u>
      JOHN D. ROBERTS
      U.S. Magistrate Judge

Global Seafoods v. Ourania, LLC
Case no. A-05-047 (JWS)

3